UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNETTE CHRISTINA CHAVEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN GARCIA, Warden,<br><br>Respondent. | Case No. 20-cv-04432-YGR (PR)<br><br>**ORDER GRANTING MOTION TO REOPEN ACTION; GRANTING *IN FORMA PAUPERIS* STATUS; AND DIRECTING RESPONDENT TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE GRANTED** |

This federal habeas corpus action was dismissed because Petitioner failed to respond to notices from the Clerk of the Court to file a timely completed habeas corpus petition form along with an application to proceed *in forma pauperis* ("IFP"). She has since filed her completed habeas corpus petition form and perfected her IFP application. *See* Dkts. 12, 13. Prison records confirm that Petitioner's delay in filing such documents was caused by a lack of notice because the prison "do[es] not have any record of receiving such correspondence from the courts." Dkt. 13 at 5. The Court construes Petitioner's filings as a motion to reopen the instant action. Her motion is GRANTED, and the action is REOPENED. The Clerk is directed to modify the docket accordingly.

It does not appear from the face of the petition that it is without merit. Good cause appearing, the Court hereby issues the following orders:

1. Petitioner's filing of her completed habeas corpus petition form and IFP application has been construed as a motion to reopen the instant action. Her motion is GRANTED, and the action is REOPENED.

2. The Judgment and the Order of Dismissal are VACATED. Dkts. 7, 8.

3. Petitioner's application to proceed IFP is GRANTED. Dkt. 13.

4. The Clerk shall serve a copy of this Order and the petition and all at attachments thereto upon Respondent and Respondent's attorney, the United States Attorney for the Northern District of California, and the Attorney General of the United States in Washington, D.C. The

Clerk shall also serve a copy of this Order on Petitioner.

5. Respondent shall file with this Court and serve upon Petitioner, within **sixty (60) days** of the issuance of this Order, an Answer responding to the allegations in the petition and showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on Petitioner a copy of all documents that are relevant to a determination of the issues presented by the petition.

6. If Petitioner wishes to respond to the Answer, Petitioner shall do so by filing a Traverse with the Court and serving it on Respondent within **sixty (60) days** of Petitioner's receipt of the Answer. Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision **sixty (60) days** after the date Petitioner is served with Respondent's Answer.

7. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court and Respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss a *pro se* action without prejudice when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases). Petitioner must also serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.

8. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

9. This Order terminates Docket No. 13.

IT IS SO ORDERED.

Dated: March 2, 2021

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge